Mary J. Shea (SBN 113222)
Attorney at Law
SHEA LAW GROUP
851 Promontory Drive West
Newport Beach California
Ph: 949-933-0260
shealaw@aol.com

Attorney for Plaintiff Ignacio Martinez,
on his own behalf and on behalf of others
similarly situated

FILED
FEB 2 0 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO)

JSW

IGNACIO MARTINEZ, on his own behalf
and on behalf of others similarly situated,

Plaintiffs,

vs.

CITY AND COUNTY OF SAN
FRANCISCO,

Defendant

Case No. C 07 - 1016

**COMPLAINT FOR DAMAGES**

**CLASS AND COLLECTIVE ACTION**

1) Violation of the Fair Labor Standards Act (FLSA)
2) Violation of California Labor Code

**AVERAGE DAMAGE PER PLAINTIFF: $50,000 TO $150,000 (+/-)**

**JURY TRIAL DEMANDED**

BY FAX

COMPLAINT FOR VIOLATIONS OF THE FLSA, CALIFORNIA LABOR CODE
MARTINEZ V. CITY AND COUNTY OF SAN FRANCISCO
PAGE NO.1

10345731.tif - 2/16/2007 2:36:12 PM

## INTRODUCTION

1. Plaintiff Ignacio Martinez ("Plaintiff") brings this action against City and County of San Francisco ("Defendant") for violations of the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq*, the California Labor Code and Industrial Welfare Commission (IWC) Wage Orders.

2. Plaintiff and other similarly situated employees who opt in to this action ("the FLSA class" or "the class") are current and former sworn personnel (through the rank of Lieutenant) employed by City and County of San Francisco, Police Department (hereinafter "SFPD") and are not exempt from the provisions of the FLSA.

3. Plaintiff on behalf of himself, and all other similarly situated employees, seeks to recover: unpaid wages; unpaid overtime compensation; unpaid hours worked; compensation for Defendant's failure to provide meal periods and breaks, compensation for or time spent "donning" protective gear; compensation for pre-shift activities (also known as "line-up"); compensation for work related travel; compensation for time spent "doffing" protective gear; compensation for "post-shift work;" and compensation for "doffing" protective gear; compensation for all other work performed for the benefit of CCSF.

4. Defendant's practices are in a direct violation of the FLSA and California law. Plaintiff on behalf of himself, and all other similarly situated employees, seeks compensation and credit for all unrecorded and uncompensated work time, liquidated and/or other damages as permitted by law, and attorney fees and costs.

///
///
///

COMPLAINT FOR VIOLATIONS OF THE FLSA, CALIFORNIA LABOR CODE
MARTINEZ V. CITY AND COUNTY OF SAN FRANCISCO
PAGE NO.2

10345731.tif - 2/16/2007 2:36:12 PM

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction in this action pursuant to 28 U.S.C. § 1331 and 29 U..S.C. §216 ( b ). This Court has supplemental jurisdiction over Plaintiff's California subclass state-law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 ( b ) and ( c ). Plaintiff is informed and believes that members of the putative class reside in the Northern District of California.

## PARTIES

7. Plaintiff Ignacio Martinez is, and at all time material hereto is a resident of the State of California and was employed by Defendant City and County of San Francisco as a police officer (Q2) holding sworn status pursuant to California Penal Code Section 830.1

8. Defendant City and County of San Francisco ("CCSF") is, at all time pertinent hereto, a municipality organized and existing pursuant to the Charter of the City and County of San Francisco and under the laws of the State of California. Defendant City and County of San Francisco is, and all time material hereto was, a public agency within the meaning of the FLSA. 29 U.S.C. §203 ( x ). Defendant City and County of San Francisco is, and all time hereby was, a political subdivision of the State of California and a local government "employer" within the meaning of 29 U.S.C. §§ 203 ( r ) and ( s ).

9. In addition to the named Plaintiff, claims are being made on behalf of other similarly situated persons. That is, all sworn police officers within Defendant's Police Department, up through the rank of Lieutenant, who were employed at any time within the last four (4) years preceding the commencement of this action.

COMPLAINT FOR VIOLATIONS OF THE FLSA, CALIFORNIA LABOR CODE
MARTINEZ V. CITY AND COUNTY OF SAN FRANCISCO
PAGE NO.3

## ALLEGATIONS FOR CLASS AND COLLECTIVE ACTION

10. Plaintiff brings the First Cause of Action for violation of the FLSA as a collective action pursuant to §16(b) of the FLSA, 29 U.S.C. §216( B ). Plaintiff brings these claims on behalf of all non-exempt employees of Defendant, including those misclassified by Defendant as exempt from the FLSA, who were, are, or will be employed during the period the of three (3) years prior to the commencement of this action through the date of judgment of this action, who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of the Defendant. Plaintiff estimates that the average damage per plaintiff, to date, is between $50,000 TO $150,000 (+/-)

11. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16 ( b ) of the FLSA, for all claims asserted by Plaintiff for the class, because the claims of Plaintiff are similar to the claims of the members of the class.

12. Members of the class are similarly situated, as they have substantially similar job requirements and provisions and are subject to common practice, policy or plan that requires them to perform work in excess of legal limits without overtime compensation.

13. Plaintiff brings the remainder of his claims for relief for violations of California law as a class actions allegations pursuant to Fed.R.Civ.P. Rule 23. Plaintiff brings these claims on behalf of all non-exempt sworn personnel who held the rank of lieutenant and below, who have been, are, or will be employed by Defendant four (4) years prior to the prior to the commencement of this action through the date of judgment of this action.

COMPLAINT FOR VIOLATIONS OF THE FLSA, CALIFORNIA LABOR CODE
MARTINEZ V. CITY AND COUNTY OF SAN FRANCISCO
PAGE NO.4

14. This action is appropriately suited as class action under Rule 23 because:

 -- The potential claims involve a significant number individuals because Plaintiff is informed and believes that there are approximately 1200 non-exempt sworn personnel who hold the rank up through the rank Lieutenant, who have been, are or will be employed by Defendant during the four (4) years prior to the commencement of this action through the date of judgment of this action.

 -- The action involves common questions of law and fact applicable to the potential class because the action focuses on Defendant's willful and systematic course of illegal payroll practices or policies which were applied to hourly sworn police officer up through rank of Lieutenant that were in violation of the California Industrial Welfare Commission Wage Orders, and the California Labor Code.

 -- The claims of the Plaintiff are typical of the class because Defendant subjected all hourly sworn police officers up through rank of Lieutenant to the identical violations of the California Industrial Welfare Commission Wage Orders, and the California Labor Code.

 -- Plaintiff is able to fairly and adequately represent the interests of the all the members of the class because of it is in their best interests ro prosecute the claims alleges herein to obtain full compensation due to them for all services rendered and hours worked.

## FACTUAL ALLEGATIONS

15. Plaintiff and other similarly situated employees who opt in to this action ("the FLSA class" or "the class") are current and former sworn personnel (through the rank of Lieutenant) employed by City and County of San Francisco, Police Department (hereinafter "SFPD") and are not exempt from the provisions of the FLSA.

COMPLAINT FOR VIOLATIONS OF THE FLSA, CALIFORNIA LABOR CODE
MARTINEZ V. CITY AND COUNTY OF SAN FRANCISCO
PAGE NO.5

16. Plaintiff on behalf of himself, and all other similarly situated persons, seeks to recover: unpaid wages, unpaid overtime compensation; unpaid hours worked; compensation for Defendant's failure to provide meal periods and breaks, compensation for or time spent "donning" protective gear; compensation for pre-shift activities (also known as "line-up"); compensation for work related travel; compensation for time spent "doffing" protective gear; compensation for "post-shift work;" and compensation for "doffing" protective gear; compensation for all other work performed for the benefit of CCSF.

17. Plaintiff is informed and believes that his direct supervisors up through the Chief of Police were well aware that, or otherwise allowed, Plaintiff to engaged in this uncompensated work for the benefit of Defendant.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF FAIR LABOR STANDARDS ACT

18. Plaintiffs realleges and incorporates the foregoing paragraphs as though fully set forth herein

19. At all relevant times Defendant has engaged and continues to engage in wilfull practice of causing non-exempt sworn police officers through the rank of Lieutenant to work for the benefit of Defendant without compensation. For example, Plaintiff and other similarly situated current and former sworn police officers t Plaintiff and others have hough rank of Lieutenant have not been paid all wages due and owing for work performed for the benefit of Defendant and that Defendant caused or "suffered to permit" Plaintiff and other to work; Plaintiff and others have not been paid overtime compensation; Plaintiff and others have been required to work unpaid hours; Plaintiff and others have been subjected to illegal practices regarding "compensatory

02/16/2007  02:42    9164880         SOLUTION MORTGAGE                    PAGE   13

1. time;" Plaintiff and others have been subjected to illegal break policies; Plaintiff and others have not been compensated for "donning" protective gear; Plaintiff and others have not been compensated for pre-shift (also known as "line-up") work; Plaintiff and others have not been paid forr work related travel; Plaintiff and others have not been paid for time spent "doffing" protective gear; failure to pay for "post-shift work;" and failure to pay for "doffing" protective gear: Plaintiff and others have not been paid for other work performed for the benefit of CCSF.

20. Defendant willfully failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of FLSA, including 29 U.S.C. §§ 211 ( c ) and 215 ( a ).

21. Plaintiff, on behalf of himself and other similarly situated class, seeks damages in an amount constituting unpaid straight-time and overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. §§211( c ) and 215 ( a ).

22. Plaintiff on behalf of himself and the class seeks damages in the amount of the respective unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. §216 ( b ), and such other legal and equitable relief as the Court deems just and proper.

23. Plaintiff, on behalf of himself and the class, seeks recovery of reasonable attorneys' fees and costs associated with this lawsuit as provided by FLSA, 29 U.S.C.§216 ( b ).

///
///
///

## SECOND CLAIM FOR RELIEF

## SUPPLEMENTAL STATE CLAIM

## FAILURE TO PAY COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE

24. Plaintiff hereby realleges and incorporates by reference as though set fully herein, the allegtions contained in the previous paragraphs.

25. Pursuant to Industrial Welfare Commission Order 7-90, California Code of Regulations, among others, Title 8, Chapter 5, § 11070 and Labor Code §§ 200 et seq, for three (3) years preceding the filing of this lawsuit Defendant were required to compensate Plaintiff for all overtime

26. Plaintiff and another similarly situated persons are or were non-exempt employees entitled to the protections of the Industrial Welfare Commission Orders 7-80 and 7-98, among others, California Code of Regulations, Title 8, § 11070, and Labor Code §§ 200 et seq.. During the course of Plaintiff's employment, Defendant failed to compensate Plaintiff for overtime hours worked as required under the aforementioned labor regulations.

27. Defendant's knowingly and willfully refused to perform their obligations to compensate Plaintiff for all wages earned and all hours worked.

28. As a proximate result of the aforementioned violations Plaintiff have been claimed in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court

Case 4:07-cv-01016-PJH   Document 1   Filed 02/20/07   Page 9 of 10
02/16/2007  02:42  9164881  0                SOLUTION MORTGAGE                      PAGE  15

1  29.  Defendant's conduct describe here violated California Labor Code §§ 200 et seq. are

2  entitled to recover the unpaid balance of regular pay, overtime compensation owed by Defendant,

3  plus interest, penalties, attorneys' fees, expenses, and costs of suit.

4  30.  Wherefore, Plaintiff require relief as hereinafter sought.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on his behalf and on behalf of others similarly situated persons, pray for judgement as follows:

1. For nominal damages;
2. For compensatory damages;
3. For liquidated damages;
4. For all damages allow under Fair Labors Standards Act;
5. Restitution of all monies due Plaintiff, and disgorged profits form the unlawful business practices of Defendant;
4. For waiting time penalties pursuant to Labor Code § 203
5. For penalties pursuant to Cal. Labor Code §§ 226, 558, 1194, and 1194.2;
6. For interest accrued to date;
7. For cost of suit and expenses incurred pursuant to FLSA and Cal. Labor Code;
8. For reasonable attorneys' fees pursuant to FLSA and California Labor Code; and,
9. For all such other and further relief that the Court may deem just and proper.

Dated: February 16, 2006         SHEA LAW GROUP

BY: _____

Mary J. Shea
Attorney for Plaintiff Ignacio Martinez,
individually, and on behalf of all other
similarly situated persons.

///

COMPLAINT FOR VIOLATIONS OF THE FLSA, CALIFORNIA LABOR CODE
MARTINEZ V. CITY AND COUNTY OF SAN FRANCISCO
PAGE NO.9

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and others similarly situated hereby demands a jury trial.

Dated: February 16, 2007            SHEA LAW GROUP

By: _____
Mary J. Shea

Attorney for Plaintiff Ignacio Martinez,
individually, and on behalf of all other
similarly situated persons