IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN CENTURIONI, and other similarly situated persons,

    Plaintiffs,

  v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.

No. C 07-01016 JSW

**ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

Now before the Court is Plaintiffs' motion for conditional certification of a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for February 8, 2008 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court hereby grants Plaintiffs' motion for conditional certification.

**BACKGROUND**

Plaintiffs are current and former sworn police officers of the San Francisco Police Department ("SFPD") and employees of defendant City and County of San Francisco ("the City"). Plaintiffs allege that the City violated the FLSA by failing to pay them for their time spent donning and doffing their uniforms and equipment, as well as for their time engaging in pre- and post-shift activities. Plaintiffs move pursuant to section 216(b) of the FLSA to conditional certify a collective action of all sworn officers at or below the rank of sergeant who

worked for the SFPD at any time from February 20, 2004 (three years from when this lawsuit was filed) to the present. Plaintiffs also seek permission to send a Court-approved notice to all putative members of the collective action and to have the Court order the City to produce information identifying the putative members.

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

**1.     Applicable Legal Standards**

Pursuant to the FLSA, employees may bring a collective action on behalf of other "similarly situated" employees based on alleged violations of the FLSA. 29 U.S.C. § 216(b). In contrast to class actions pursuant to Federal Rule of Civil Procedure 23, potential members of a collective action under the FLSA must "opt-in" to the suit by filing a written consent with the Court in order to benefit from and be bound by a judgment. *Id.*; *see also Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Employees who do not opt in may bring a subsequent private action. *Leuthold*, 224 F.R.D. at 466 (citing *EEOC v. Pan Am. World Airways, Inc.*, 897 F.2d 1499, 1508 n.11 (9th Cir. 1990)).

Courts "may authorize the named FLSA plaintiffs to send a notice to all potential plaintiffs and may set a deadline for those potential plaintiffs to join the suit." *Leuthold*, 224 F.R.D. at 466; *see also Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 172 (1989). The determination of whether a collective action is appropriate is within the Court's discretion. *See Adams v. Inter-Con Security Sys., Inc.*, 242 F.R.D. 530, 535 (N.D. Cal. 2007). Plaintiffs bear the burden to show that they and the proposed class are "similarly situated." *See id.* (citing 29 U.S.C. § 216(b)).

The FLSA does not define "similarly situated." Although the Ninth Circuit has not yet articulated the proper test for certification of a FLSA action, district courts in this circuit have applied a two-step inquiry. *See e.g.*, *Leuthold*, 224 F.R.D. at 466-67; *see also Adams*, 242 F.R.D. at 536; *Prentice v. Fund for Public Interest Research, Inc.*, 2007 WL 2729187, * 2 (N.D. Cal. Sept. 18, 2007). Under the first step, courts consider whether the proposed class should be

given notice of the action based on the pleadings and the affidavits submitted by the parties. *Adams*, 242 F.R.D. at 536. The Court determines whether to allow notice "based on a fairly lenient standard due to the limited amount of evidence before it." *Adams*, 242 F.R.D. at 536. Plaintiffs are only required to "make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision." *Leuthold*, 224 F.R.D. at 468; *see also Adams*, 242 F.R.D. at 536. "Under this lenient standard, the plaintiffs must show that there is some factual basis beyond the mere averments in their complaint for the class allegations." *Adams*, 242 F.R.D. at 536 (internal quotes and citation omitted); *see also Holbrook v. Smith & Hawken, Ltd.*, 246 F.R.D. 103, 105 (D. Conn. 2007) ("In order for a plaintiff to meet this modest, preliminary burden, the district court need only be satisfied that there is a basis to conclude that questions common to a potential group of plaintiffs would predominate a determination of the merits") (internal quotes and citation omitted); *Morton v. Valley Farm Transport, Inc.*, 2007 WL 1113999, *2 (N.D. Cal. April 13, 2007) (describing burden as "not heavy" and requiring plaintiffs to merely show a "reasonable basis for their claim of class-wide" conduct) (internal quotes and citation omitted); *Stanfield v. First NLC Financial Serv., LLC*, 2006 WL 3190527, * 2 (N.D. Cal. Nov. 1, 2006) (holding that the plaintiffs "must be generally comparable to those they seek to represent.").

Courts usually grant conditional class certification at this stage. *Adams*, 242 F.R.D. at 536 ("The usual result is conditional class certification."); *see also Stanfield*, 2006 WL 3190527, * 2 ("The standard is lenient, and conditional collective action is usually granted."). Under this first step, courts do not consider the merits of the claims. *Ayers v. SGS Control Services., Inc.*, 2004 WL 2978296, *6 (S.D.N.Y. Dec. 21, 2004) ("the evaluation of the merits of plaintiffs' claims is unnecessary to determine whether notice is appropriate to the defined similarly situated class"); *see also Adams*, 242 F.R.D. at 539 (declining to evaluate the merits at the conditional certification stage); *Morton*, 2007 WL 1113999 at *3; *Stanfield*, 2006 WL 3190527 at *4.

Under the second step, "the party opposing the certification may move to decertify the class once discovery is complete." *Adams*, 242 F.R.D. at 536 (citing *Leuthold*, 224 F.R.D. at

467). "[T]he Court then determines the propriety and scope of the collective action using a stricter standard." *Stanfield*, 2006 WL 3190527, * 2. In particular, the Court may consider: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." *Leuthold,* 224 F.R.D. at 467. At this point, "the court may decertify the class and dismiss the opt-in plaintiffs without prejudice." *Leuthold*, 224 F.R.D. at 467.

**2. Plaintiffs Have Shown that Conditional Certification is Warranted.**

Applying the lenient standard applicable to the first step, the Court finds that conditional certification of collective action is appropriate. Plaintiffs allege through their complaint, affidavits and supporting exhibits, that the City failed to pay overtime wages for donning and doffing and for conducting preliminary and postliminary work, and that Plaintiffs' experiences are shared by the members of the proposed collective action.

The City's opposing arguments primarily consist of challenges to the merits of Plaintiff's claims. However, at this stage, courts do not consider the merits of the claims. *See Adams*, 242 F.R.D. at 539; *see also Morton*, 2007 WL 1113999 at *3; *Stanfield*, 2006 WL 3190527 at *4; *Ayers*, 2004 WL 2978296 at *6. The City also argues that conditional certification, if any, should be limited to donning and doffing uniforms and to sworn peace officers and sergeants working in Field Operations and Airport Bureaus. The City contends that Plaintiffs' alleged preliminary and postliminary activities are not sufficiently defined. The Court disagrees. Plaintiffs have submitted evidence to support their allegations that they have not been paid for work conducted before and after their shifts in violation of the FLSA. Whether the particular activities may vary is not a difference the Court finds material to the determination of whether the collective action should be conditionally certified.

The City further contends that the certification should be limited to officers in those specific ranks and departments from which Plaintiffs' submitted affidavits in support of their allegations, *i.e.*, sworn peace officers and sergeants working in Field Operations and Airport Bureaus. However, for conditional certification, Plaintiffs are not required to provide evidence

4

of the alleged violations for every particular rank and department. *See Adams*, 242 F.R.D. at 537 (holding that "[f]or conditional certification, plaintiffs do not need to provide evidence that every facility relevant to the proposed class maintains an illegal policy"). The court in *Adams* held that the plaintiffs did not need to demonstrate the existence of similarly situated persons at every location in the proposed class, but rather, "the named plaintiff must demonstrate that there existed at least one similarly situated person at a facility other than his own." *Id*. (citing *Horne v. United Serv. Auto. Ass'n.*, 279 F. Supp. 2d 1231, 1235 (M.D. Ala. 2003)). Here, Plaintiffs easily meet this standard. Accordingly, the Court declines to limit the conditional certification in the manner proposed by the City.

**3.   Scope of Notice.**

Plaintiffs seeks to send notice to all persons employed as sworn police officers at or below the rank of sergeant employed by the City from February 20, 2004, three years before this suit was filed. The City argues that period should be restricted to two years for non-willful violations and should be limited to two years from when the notice is issued because an individual's claim does not commence until he or she files a consent to join.

The statute of limitations for violations of the FLSA is ordinarily two years, except that the limitations period is extended to three years for willful violations. 29 U.S.C. § 255(a). Plaintiffs have alleged that the City willfully violated the FLSA. (Amend. Compl., ¶ 4.) Therefore, at this procedural stage, before discovery has commenced, the Court will not prematurely limit the potential class to those employed during a two-year period. If necessary, the Court may restrict the class after the issue of willfulness is fully adjudicated. *See Herrera v. Unified Management Corp.*, 2000 WL 1220973, \*2 (N.D. Ill. Aug. 18, 2000) (rejecting argument to restrict time period to two years, finding it more efficient to start with a three-year period, and, if necessary, restricting the class after the issue of willfulness is adjudicated).

The statute of limitations under the FLSA continues to run until a plaintiff files a valid consent to join the suit. *Partlow v. Jewish Orphans' Home of So. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981), *abrogated on other grounds by Hoffman-La Roche*, 493 U.S. 165. Equitable tolling is permissible under the FLSA. *See Partlow*, 645 F.2d at 760. Courts may equitably toll

the statute of limitations "when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). Plaintiffs have not provided any argument, let alone any evidence, demonstrating that either basis for equitable tolling is present here. Therefore, the Court will limit the notice period to sworn police officers at or below the rank of sergeant employed by the City from three years before the notice is issued.

## CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Plaintiffs' motion for conditional certification. Pursuant to 29 U.S.C § 216(b), the Court CONDITIONALLY CERTIFIES an opt-in collective action of all former and current sworn police officers at or below the rank of sergeant employed by the City from February 15, 2005 to the present.

The Court HEREBY DIRECTS the parties to meet and confer on a proposed notice, with a consent form and deadline to file consents to join, and submit such notice to the Court by February 14, 2008. If the parties are unable to reach an agreement, the parties may each submit a proposed notice by February 14, 2008. In the event that the parties do not submit a joint proposed notice, the parties should file objections to the proposed notices by no later than February 19, 2008. The Court FURTHER ORDERS that the City shall provide Plaintiffs by February 15, 2008, the names and addresses[1] of all current and former sworn police officers at or below the rank of sergeant employed by the City from February 15, 2005 to the present. The City shall provide this information in an electronic format agreeable to Plaintiffs.

The Case Management Conference scheduled for February 8, 2008 at 9:00 a.m. is HEREBY CONTINUED to February 8, 2008 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: February 1, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' request for telephone numbers and social security numbers is denied.

6