United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN CENTURIONI, et al.,

        Plaintiff(s),

    v.

CITY AND COUNTY OF
SAN FRANCISCO,

        Defendant(s).
_____/

No. C 07-1016 PJH

**ORDER**

        Before the court for expedited resolution is defendant's objection to plaintiffs' counsel's use of a list it provided, of the names and addresses of potential opt-in plaintiffs to the collective action, for any purpose other than the sending of the court-approved notice of action. Plaintiffs' counsel having conceded that court approval of the notice of action did not extend to notice of informational meetings, and having mailed the notices of action without the notice of informational meetings, now seek to use the list to facilitate the mailing of a separate notice of informational meetings to potential opt-in plaintiffs. The court has reviewed the letter briefs filed by the parties and rules as follows.

        This matter was reassigned to the undersigned after the notice of action had been approved by Judge White. Judge White did not approve the inclusion of the notice of informational meetings in the notice of action itself; rather it does not appear that the issue was brought to his attention. Because the approved notice of action has already been mailed, the question for this court is whether plaintiffs' counsel should be able to use the list again for other than the purpose for which the list was ordered produced.

        Defendant is correct that the parties agreed during negotiations that the notice of action would not contain the notice of informational meetings. And it does appear that

using the same list for a separate mailing presents plaintiffs' counsel with a way to circumvent that agreement. Nonetheless, the court is not persuaded that the prior agreement should alone prevent plaintiffs' counsel from seeking another way to make legitimate contact with potential opt-in plaintiffs.

Defendant also raises the confidentiality of peace officer home addresses provided by California Penal Code § 832.7 and the need to protect the privacy of those individuals who may choose not to join as plaintiffs, from "repeated and uninvited intrusion" by plaintiffs' counsel. This is a stronger argument. Although section 832.7 is intended primarily to protect the privacy of officers who are the subject of citizen complaints and other allegations of wrongdoing, it does reflect the general policy that individuals do not forfeit their right to privacy of personal information by virtue of their public employment. The court finds, however, that the use of the list for mailing a notice of the schedule for meetings designed to provide information about a lawsuit about which the recipients have just been notified, presents only a de minimis intrusion by plaintiffs' counsel, the same senders of the last mailing, particularly if the notice advises that contact information was provided pursuant to court order and will be treated as confidential and used for no purpose other than communication regarding the law suit.

The court agrees with defendant, however, that use of this confidential information in a way that resulted in repeated and uninvited intrusions by plaintiffs' counsel upon the privacy of individuals who choose not to opt in, could certainly violate the spirit, if not the letter, of section 832.7. The notice of action advises the potential opt-in plaintiffs of the existence of the lawsuit, the nature of the claims, how to participate, the effect of participating and of not participating; invites potential plaintiffs to contact plaintiffs' counsel for additional information; and provides the names, addresses, telephone and fax numbers, and email addresses of each of plaintiffs' counsel. The notice of informational meetings further advises of the dates, times and locations of five information meetings to be conducted regarding the lawsuit. This is certainly enough information to inform a decision

on whether a recipient should opt in or seek additional guidance. Because this is a collective action requiring plaintiffs to opt in rather than a class action requiring uninterested plaintiffs to opt out, continued mailings to non-responding recipients would amount to repeated and uninvited intrusions.

Accordingly, this order permits plaintiffs' counsel to use the list provided by defendant for the single purpose of notifying the potential plaintiffs of the informational meetings scheduled for March and April 2008. Thereafter, plaintiffs' counsel will be required to rely on the contact information provided by the plaintiffs who submit the opt-in consent forms which require that they provide their names and addresses. Communication with potential plaintiffs by counsel for both sides is permitted absent abuse which must be clearly identified and supported by the opposing side.

**IT IS SO ORDERED.**

Dated: March 13, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge