LESLIE F. LEVY, State Bar # 104634
SHARON R. VINICK, State Bar # 129914
LEVY VINICK BURRELL HYAMS, LLP
180 Grand Ave, Suite 1300
Oakland, CA 94612
Tel:     510-318-7700
Fax:     510-520-7701

Mary Shea Hagebols, State Bar # 113222
SHEA LAW OFFICES
1814 Franklin Street, Suite 800
Oakland, CA 94612
Tel:     510-910-442
Fax:     415-520-9407
mary@shealaw.com

Attorneys for Plaintiffs

DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH SALVESON, State Bar #83788
Chief Labor Attorney
JONATHAN ROLNICK, State Bar #151814
Deputy City Attorney
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3845
Facsimile:     (415) 554-4248

Attorneys for Defendant
City and County of San Francisco

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### -Oakland-

| | |
|---|---|
| JAMES WILSON, et al., | Case No. C 07-1016 PJH |
| Plaintiffs | **AMENDED STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE [PROPOSED] ORDER THEREON** |
| v. | |
| CITY AND COUNTY OF SAN | |

**AMENDED STIPULATION RE FINAL APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**
**[PROPOSED] ORDER THEREON**
- 1 -

| FRANCISCO CALIFORNIA, A MUNICIPAL CORPORATION, Defendant. | Before:  Honorable Phyllis J. Hamilton |
|---|---|

## STIPULATION

The Plaintiffs and Defendant in the above-captioned action hereby stipulate as follows:

1.     Plaintiffs are current and former employees of the City and County of San Francisco's Police Department ("the City").   Plaintiffs and the City are collectively referred to herein as the "Parties".

2.     Representative Plaintiff and the FLSA Collective Class Members have agreed to settle their claims against CCSF in exchange for the lump sum of Ninety Thousand Dollars ($90,000.00), inclusive of costs and expenses to this point.   Attorneys' fees are being waived and absorbed by Plaintiffs' counsel.

3.     Plaintiffs filed their Complaint on February 20, 2007.  Subsequently, a First Amended Complaint ("FAC") was filed, alleging claims pursuant to Section 207 of the FLSA for uncompensated time spent working for the SFPD. The FAC alleges that CCSF violated the FLSA by, among other things, failing to pay certain former and current San Francisco police officers for time spent "donning" and "doffing" the prescribed police protective wear, which is required to be done before the officer's shift begins, and completing other pre-shift and post-shift activities that are an integral and indispensable part of their work as police officers and failing to provide proper meal periods and rest breaks.  The FAC sought an award of  backpay, penalties, liquidated damages, préjudgment interest, attorneys' fees and costs.

4.     The named plaintiff James Wilson brought this case in a representative capacity on behalf of himself and other similarly situation. *See*, 29 U.S.C. § 216(b).   Under

Section 216(b) any one or more employees may bring an action on behalf of "himself or themselves and other employees similarly situated".  That Section further provides that "no employee shall be a party plaintiff in any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought". 29 U.S.C. § 216(b).

5.      CCSF filed an Answer to the FAC and denied Plaintiffs' material allegations, maintaining that the Court should not certify the FLSA Collective Class Action proposed by Plaintiffs, and raising various affirmative defenses to Plaintiffs' claims.

6.      On February 1, 2008, the Court conditionally certified an FLSA Collective Class consisting of all former and current sworn police officers, at or below the rank of sergeant, employment by Defendant CCSF from February 15, 2005 to present.

7.      On February 26, 2008, the Court approved the FLSA Collective Class Notice and granted a 60-day opt-in period for eligible Plaintiffs.

8.      Ultimately, one hundred ninety-three (194) officers opted into the Class as plaintiffs ("Settlement Class").  As described in paragraphs 14 through 16 below, 40 of the Plaintiffs who opted into the Class are not participating in the Settlement and their claims have been dismissed without prejudice.

9.      In the four years since commencement of this action, the parties have thoroughly litigated this case, including: the review and analysis by Collective Class Counsel of myriad pages of documentation eventually produced in discovery,[1] the depositions of seven (7) FLSA

---

[1]  Plaintiffs propounded requests for production of documents that resulted in the production of thousands of documents by CCSF which Plaintiffs' counsel read and analyzed and which included personnel files for each class member and electronic files reflecting the hours worked by each class member during each shift in the class period.

collective action members and deposed six (6) individuals designated by CCSF as 30(b)(6) representatives.

10.     The Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in litigation of FLSA claims.

11.     The Parties wish to avoid the uncertainty, expense and delay of litigation and have therefore, based upon their extensive negotiations, and agreed to a settlement of the Parties' dispute.  The terms of the Parties' agreement are embodied in the Settlement Agreement and General Release of All Claims, ("Collectively referred to as the Settlement Agreement") which all Parties have executed.  A copy of the Settlement Agreement is attached hereto as Exhibit 1 and incorporated herein.  (Exhibit A to the Settlement Agreement – which was not attached to the Settlement Agreement previously submitted to the Court – is a list of all of the individuals who opted in the case' there are 194 individuals on this list).

12.     Plaintiffs' potential recovery at trial, if any, remains unknown, but the Parties believe that the terms of the Settlement Agreement are consistent with and within the range of reasonable result that the Plaintiffs might expect to obtain after a trial;

13.     Courts have determined that the provisions of the FLSA are mandatory and cannot generally be abridged by contract or otherwise waived.  *Lynns Food Stores, Inc. v. United States,* 678 F. 2d 1350, 1352 (11th Cir. 1982).  However, when employees bring a private action for compensation under the FLSA, and present the district court a proposed settlement, the district court may enter a judgment after scrutinizing the settlement for fairness, *Id. at* 1353;

14.     By order dated September 7, 2011, the Court preliminarily approved the settlement. Therein, the Court ordered a further settlement conference for February 1, 2012 to address any issues raised by any Plaintiff who had not executed signed claim forms agreeing to the settlement. All Plaintiffs were provided with notice of that settlement conference. Following the settlement conference, on February 10, 2012, the Court issued an Order to Show Cause Re: Dismissal of Claims by Plaintiffs Who Fail to Submit Signed Claim Forms or Appear at Further Settlement Conference. The Court scheduled a further settlement conference for February 28, 2012. All Plaintiffs who had not executed a signed claim form were provided notice of the Court's Order to Show Cause.

15.     Of the 194 Plaintiffs, 149 submitted claims. A list of the claimants and amounts to be paid to each of them is attached hereto as Exhibit 2.

16.     Following the February 28 further settlement conference, Magistrate Judge Corely issued a February 29, 2012 Recommendation and Report wherein she recommended the dismissal of all claims brought by 40 of the Plaintiffs. The Court adopted the Recommendation and Report and, by order dated March 5, 2012, dismissed without prejudice the Plaintiffs whose names appeared in the Recommendation and Report. The City's Board of Supervisors approved the Settlement Agreement on September 25, 2012.

17.     In re-checking the list of all claimants who will be paid following the Court's approval of this Stipulation, the parties determined that the list presented to Magistrate Corley did not include five (5) people who did not submit claims: Ronald Hill, Anthony Carreon, Jerry Chan, James Winter, and Gordon Wong. These parties hereby request that the claims of these five individuals be dismissed, without prejudice.

18.     The Agreement presented to the Board included the list of the 149 individuals who submitted claims (such list is attached hereto as Exhibit 2).  The Board approved payment to these 149 individuals.

19.     In reviewing the list of the claims to be paid pursuant to this Stipulation, the parties determined that Marvetia Richardson, who was represented by separate counsel at the hearing before Magistrate Corley, was not included on the list of claimants approved by the Board of Supervisors.  In order to ensure that Ms. Richardson is paid, Plaintiff's counsel has agreed to pay her claim, in the amount of $357.61, out of the costs that have been allocated to Plaintiff's counsel under the settlement.

20.     The Parties present the Court with this Stipulation re Final Approval of Settlement Agreement and Dismissal with Prejudice and **[Proposed]** Order.  Thereon ("Stipulation and Order") through which they intend to finally resolve all claims asserted in this action based upon the terms set forth in the Settlement Agreement;

21.     By entering into this stipulation and requesting Court approval, the parties do not intend that the Court should make any findings or determination regarding the Defendant's alleged violation of the FLSA, or any other federal or state law, regulation, order or rule.  This Stipulation and Order, and any exhibits and any other documents or written materials prepared in conjunction with this Stipulation and Order, should not constitute evidence of, or any admission of any violation of the FLSA, or any other federal or state law, regulation, order, or rule by any Party.

22.     Each Plaintiff has reviewed and executed the Settlement Agreement.  Each Plaintiff had an opportunity to consult with an attorney concerning the Settlement Agreement, including the releases contained therein; acknowledge that she or he has read and understands

the Settlement Agreement, agreed to its terms, signed the Settlement Agreement voluntarily and without coercion; and acknowledges that the release and waivers he or she has made therein are knowing, conscious and with full appreciation that he or she is forever foreclosed from pursuing any of the rights or claims so released or waived.

23. The Parties jointly request the Court approve the terms and conditions of the Settlement Agreement and enter the Amended Stipulation and Order;

IT IS THEREFORE STIPULATED, by and between the Parties, through their respective counsel, that:

1. The Settlement Agreement, which is incorporated herein by reference, is fair, reasonable and just in all respects as to the Plaintiffs, and the Court should therefore approve the Settlement Agreement and enter this Stipulation and Order;

2. The Court should reserve jurisdiction with respect to this action for the limited purpose of enforcing, if necessary, the Settlement Agreement;

3. The award of and allocation of costs should be as provided for in the Settlement Agreement.  Plaintiffs' counsel has waived attorney's fees ;

4. The claims of Ronald Hill, Anthony Carreon, Jerry Chan, James Winter, and Gordon Wong shall be dismissed without prejudice;

5. The claim for Marvetia Richardson will be paid by Plaintiff's counsel, out of the costs allocated to Plaintiff's counsel under the Settlement;

///

///

///

///

6.      Upon the Court's approval of the Settlement Agreement, this Action should be dismissed with prejudice.

Dated:      November 19, 2012          LEVY VINICK BURRELL HYAMS LLP


                                        /s/_____
                                        Lesley Levy
                                        Sharon Vinick
                                        Attorneys for Plaintiffs

_____

STIPULATION RE APPROVAL OF SETTLEMENT

Case No.C 06-5604-THE

                                        Shea Law Offices


                            By:    /s/_____
                                        Mary Shea Hagebols
                                        Attorney for Plaintiffs

Dated:  November 19, 2012          **DEPUTY CITY ATTORNEY OF SAN FRANCISCO**


                            By:    /s/_____
                                        JONATHAN ROLNICK
                                        Attorney for the Defendant

## ~~PROPOSED~~ ORDER

The Court has carefully reviewed the Settlement Agreement, and the proposed Stipulation and Order. Based upon a review of the record, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.   The Settlement Agreement, which is incorporated herein by reference, is approved as fair, reasonable and just in all respects as to the Plaintiffs, and the Parties shall perform the Settlement Agreement in accordance with its terms;

2.   The Court reserves jurisdiction with respect to this Action for the limited purpose of enforcing, if necessary, the Settlement Agreement;

3.   The award and allocation of costs shall be provided for in the Settlement Agreement (Plaintiffs' counsel has waived attorney's fees).

4.   The Court has made no findings or determination regarding the Defendant's alleged violation of the FLSA, or any other federal or state law, regulation, order or rule;

5.   This Action is hereby dismissed with prejudice.

Dated: 12/4/12

_____

HONORABLE PHYLLIS J. HAMILTON



AMENDED STIPULATION RE FINAL APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE
[PROPOSED] ORDER THEREON
- 9 -

# EXHIBIT 1

## SETTLEMENT AGREEMENT, GENERAL RELEASE AND
## COVENANT NOT TO SUE

THIS SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE (hereafter "Agreement") relating to claims against and THE CITY AND COUNTY OF SAN FRANCISCO, its constituent departments (including the San Francisco Police Department), commissions, agencies, boards, predecessors, successors, subsidiaries, related entities, and current and former officers, directors, trustees, agents, employees and assigns (hereafter "the City"), is made between James Wilson and the 193 other plaintiffs identified in Exhibit A of the Agreement (hereafter referred to collectively and individually as "Plaintiffs") and the City.

WHEREAS, Plaintiffs have been or are employed by the City as police officers (Q2-Q4), sergeants (Q50), assistant inspectors (Q35), or inspectors (0380) with the San Francisco Police Department; and

WHEREAS, Plaintiffs claim that during and as a result of their employment with the City Plaintiffs suffered damages on account of wrongful conduct by the City including, without limitation, violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and seek recovery of allegedly unpaid wages, liquidated damages, attorneys' fees and costs; and

WHEREAS, Plaintiffs sought compensation for allegedly pre- and post-shift activities including, but not limited to, the donning and doffing of their police uniforms and personal protective gear; and

WHEREAS, Plaintiffs filed the following complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, in United States District Court for the Northern District of California: *James Wilson, et al. v. City and County of San Francisco*, Case No. C07-1016 PJH (the "Action"); and

WHEREAS, Plaintiffs brought the Action in a representative capacity under 29 U.S.C. § 216 on behalf of themselves and others similarly situated; and

WHEREAS, James Wilson and the 193 other individuals (as identified in Exhibit A) affirmatively opted to participate in the Action as individual plaintiffs; and

WHEREAS, the parties now desire to avoid the expense, burden and delay of litigation, and without admitting or acknowledging any liability, to resolve all of Plaintiffs' claims alleged in the Action, including but not limited to pre- and post-shift activities, and donning and doffing claims, fully and forever in consideration of the promises contained herein,

NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1.      In exchange for the promises by Plaintiffs in this Agreement and complete settlement of the Action, the City will pay the total amount of Ninety Thousand Dollars and No Cents ($90,000.00)(the "Settlement Amount") to be allocated as follows:

(a) Sixty Thousand Dollars and No Cents ($60,000.00) of the Settlement Amount shall be considered and treated as Plaintiffs' back wages.  This sum shall be paid by means of separate check made payable to each Plaintiff in the amounts specified in Exhibit A, less applicable taxes and withholdings.  These payments shall be considered back wages for the period May 4, 2004 through December 31, 2010;

(b) Thirty Thousand Dollars and No Cents ($30,000.00) of the Settlement Amount shall be considered and treated as plaintiffs' costs of suit.  This amount shall be paid by means of a check made payable to the law firm of Dickson Levy Vinnick Burrell Hyams LLP, Tax Identification Number 27-1134178.

Plaintiffs acknowledge and agree:

(a) The allocation of the Settlement Amount as provided in Paragraphs 1(a), 1(b) and 1(b) is a fair and reasonable resolution of the *bona fide* dispute between Plaintiffs and the City regarding alleged unpaid overtime under the FLSA;

(b) Under the Ninth Circuit Court of Appeals' decision in *Bamonte v. City of Mesa*, 598 F.3d 1217 (9th Cir. 2010), donning and doffing is not compensable if, as is the current policy and practice in the City's Police Department, it is not mandated by the City to be performed at an officer's district station or other place of work;

Page 2 of 10

(c) The Settlement Amount set forth in Paragraph 1(a) is for disputed claims regarding alleged uncompensated pre- and post-shift activities other than the donning and doffing of Plaintiffs' uniforms and personal protective equipment; and

(d) Going forward, Plaintiffs will abide by Department General Order 11.01 by submitting to their commanding officer, without delay and upon completion of the overtime worked, a compensation request form for all work performed in excess of their normally scheduled watch or work week, including any pre- or post-shift activities that Plaintiffs claim is compensable work.

2.      (a) In consideration of the foregoing promises and for other good and sufficient consideration Plaintiffs, for Plaintiffs, Plaintiffs' heirs, executors, administrators, assigns and successors, fully and forever releases and discharges the City, its constituent departments (including the San Francisco Police Department), commissions, agencies, boards, predecessors, successors, subsidiaries, related entities, and current and former officers, directors, trustees, agents, employees and assigns (collectively "Releasees") from any and all liabilities, claims, demands, contracts, debts, damages, acts or omissions, obligations and causes of action of every nature, kind and description, in law, equity, or otherwise, whether or not now known or unknown, which heretofore do or may exist, in any way arising out of, connected with or related in any way to claims asserted in the Action, or which could have been asserted based upon or related to the facts alleged in the Action, including but not limited to any claims for overtime compensation for donning and doffing and other pre- and post-shift activities, the Action, the negotiation or execution of this Agreement, up to and including the date that Plaintiffs sign this Agreement (the "Signature Date")(hereinafter, the "Released Claims").  The release in this paragraph includes but is not limited to release of any matter, cause or thing arising out of, relating to, or connected with the Action, and any and all lawsuits and claims, charges and grievances brought by Plaintiffs against any Releasee not set forth herein, and all past, pending or contemplated administrative charges relating to or arising from claims asserted in the Action, or which could have been asserted based upon or related the the facts alleged in the Action,

through the Signature Date.

      (b)   The release contained in this Paragraph 2 is a complete and general release that will forever bar Plaintiffs from pursuing any released claims or rights against any Releasee with respect to the Released Claims.  Plaintiffs covenants not to sue or otherwise institute or in any way actively participate in or voluntarily assist in the prosecution of any legal or administrative proceedings against any Releasee with respect to any of the Released Claims. Plaintiffs understand and agree that Plaintiffs are waiving any rights Plaintiffs may have had, now have, or in the future may have to pursue any and all remedies available to Plaintiffs under any cause of action arising out of, connected with or in any way related to Plaintiffs' Released Claims, and which arose at any time through the Signature Date.  Such causes of action shall include without limitation claims for violation of the Fair Labor Standards Act, violation of the provisions of the California Labor Code related to the payment of wages, the City's Charter, Administrative Code, ordinances, Civil Service Commission Rules and other City enactments, and any memorandum of understanding covering Plaintiffs' employment with the City.

      (c)   Plaintiffs understand and expressly agree that the release contained in this Paragraph 3 extends to all Released Claims of every nature and kind, known or unknown, suspected or unsuspected, past, present or future Any and all rights under Section 1542 of the California Civil Code or any analogous state law or federal law or regulation are hereby expressly waived as to the Released Claims.  Said Section 1542 of the Civil Code of the State of California, reads as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

      3.     In further consideration of the foregoing, Plaintiffs hereby agree, acknowledge and recognize that this Agreement is a "no fault" settlement in light of disputed claims, and that nothing contained in this Release shall constitute or be treated as an admission of liability or

wrongdoing by Plaintiffs or the City, which liability or wrongdoing is expressly denied by all parties.

4.     Plaintiffs represent that either (a) there are no existing liens or partial liens in existence, including without limitation any attorney's fees, medical reimbursement, unemployment or disability compensation liens, which attach to the Action, the amounts specified in this Agreement, or to any recovery paid to Plaintiffs in connection with the settlement of the Action, nor is any person or entity entitled to establish a lien for any payment or payments they have made or will make to Plaintiffs on behalf of Plaintiffs as a consequence of any of the matters arising out of or connected with Plaintiffs' claims for unpaid wages by the City, or the Action, or (b) to the extent there are any such liens, Plaintiffs will pay and retire all such liens out of the Settlement Amount. Plaintiffs agree to defend, indemnify and hold harmless the City against any and all claims by any person or entity purporting to hold any lien, interest, or other claim, whether for medical care, unemployment and/or disability compensation, attorneys' fees, or otherwise, involving Plaintiffs and arising from or connected with Plaintiffs' claims for unpaid wages by the City, or the Action.

5.     Plaintiffs represent and warrant that Plaintiffs have full power to make the releases and agreements contained herein. Plaintiffs expressly represent and warrant that Plaintiffs have not assigned, encumbered or in any manner transferred all or any portion of the claims covered by the releases and agreements contained herein. Plaintiffs acknowledge and agree that this warranty and representation is an essential and material term of this Agreement. Plaintiffs agree to indemnify the affected Releasee for any claims brought against any Releasee by purported assignees of Plaintiffs, including costs of judgment and reasonable attorneys' fees.

6.     Plaintiff acknowledges that this Agreement is contingent upon the occurrence of the following events in the following order:

(a) Preliminary Approval of the settlement commemorated in the Agreement by the District Court;

(b) Approval of the Agreement or a dismissal of all claims by Plaintiffs identified

in Exhibit A by execution of a Settlement Agreement and Release Form attached as Exhibit B (Release);

(c) Approval by the San Francisco Police Commission and Board of Supervisors;

(d) Final Approval of the settlement commemorated in the Agreement by the District Court and entry of an order dismissing the Action with prejudice.

7.    If all 194 Plaintiffs identified in Exhibit A do not execute the Release, the City may, at its sole option, elect to remove the condition of having all 194 Plaintiffs execute the release, and to make the agreement binding as to all Plaintiffs who execute the release, and their counsel. Plaintiffs and their counsel agree to make all reasonable, diligent and good faith efforts to secure an executed Release from all Plaintiffs including seeking the assistance of the Court's Alternative Dispute Resolution process. In the event all Plaintiffs do not execute the Release and the City elects to remove the condition of having all 194 Plaintiffs execute the release and to make the Agreement binding as to those Plaintiffs who do execute the release, the City will deduct from the Settlement Amount the sum(s) specified in Exhibit A as payable to the Plaintiffs who have not executed the Release.

8.    Plaintiffs and their counsel shall be responsible for preparation and filing of any motion or stipulation for Preliminary Approval and Final Approval of the settlement. Upon receipt of the Settlement Amount, unless the District Court has previously dismissed the Action or the Action is subject to a conditional order of dismissal, Plaintiffs' and their counsel shall promptly move for Final Approval of the settlement and an order dismissing the Action with prejudice. In addition, Plaintiffs represent that there are no outstanding administrative charges or complaints which are or may be pending relating to Plaintiffs' Released Claims against the City through the Signature Date. To the extent any such charges or complaints have been or are filed on Plaintiffs' behalf, Plaintiffs agree to dismiss or withdraw any such charges or complaints with prejudice. Plaintiffs expressly acknowledge that the list of outstanding litigation may not be exhaustive, but Plaintiffs nevertheless agrees to dismiss with prejudice all

litigation, claims, grievances, and administrative charges of any nature, kind and description against any Releasee which arise out of the Released Claims.

9.     In consideration for the payment of costs as set forth in Paragraph 1(b), and except as provided therein, Plaintiffs' and their counsel waive any and all claims to attorneys' fees, legal expenses or costs, and Plaintiffs' counsel shall not seek for themselves or on behalf of any Plaintiff(s) who fails to execute a Release any attorneys' fees, legal expenses or costs accrued up to and including the date the District Court issues an order for Final Approval of the Agreement. The City shall bear its own attorneys' fees, legal expenses and costs as to any Plaintiff who executes a Release but does not waive such fees, expenses and costs as to any Plaintiff who does not execute a Release.

10.     The City shall deliver to the Law Firm checks for the Settlement Amounts identified in Paragraphs 1(a), and 1(b). With respect to the Settlement Amounts identified in Paragraph 1(a), the City will prepare individual checks to each Plaintiff in the amounts set forth in Exhibit A. Plaintiffs acknowledge and agree that Plaintiffs endorsement of the check shall constitute acknowledgement of receipt of all back wages due and satisfaction of the City's obligations under the Agreement. The parties acknowledge that this Agreement constitutes the sole agreement in this matter, that it supersedes any prior oral or written agreements, and that it may be modified only by a writing signed by all parties to this Agreement, and approved by the San Francisco Board of Supervisors.

11.     If any provision of this Agreement is found to be unenforceable, then the remaining provisions shall remain valid and enforceable.

12.     The parties agree that the United States District Court for the Northern District of California will have jurisdiction to enforce this Agreement. All disputes arising out of this Agreement shall be resolved by the United States District Court for the Northern District of California.

13.     Plaintiffs acknowledge that Plaintiffs have the right to consult with an attorney concerning this Agreement, including the releases contained herein.

14.    Plaintiffs acknowledge that Plaintiffs have read and understand this Agreement and that Plaintiffs agree to its terms and signs this Agreement voluntarily and without coercion. Plaintiffs further acknowledge that the release and waivers Plaintiffs have made herein are knowing, conscious and with full appreciation that Plaintiffs are forever foreclosed from pursuing any of the rights or claims so released or waived.

15.    This Agreement has been reviewed by the parties and their respective attorneys, and each have had full opportunity to negotiate the contents of this Agreement.  The parties each waive any common law and statutory rule of construction that ambiguity should be construed against the drafter of this Agreement, and agree that the language in all parts of this Agreement shall be in all cases be construed as a whole, according to its fair meaning.

16.    All exhibits attached and referenced in this Agreement are incorporated into the Agreement as if fully set forth herein.

17.    This Agreement may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

DATED:_____

_____
GREG SUHR
CHIEF OF POLICE
SAN FRANCISCO POLICE
DEPARTMENT

APPROVED AS TO FORM AND SUBSTANCE:

SHEA LAW OFFICES

By_____          DATED: 8 May 2012
MARY SHEA HAGEBOLS
Attorneys for Plaintiffs

Page 8 of 10

LEVY VINICK BURRELL HYAMS, LLP

By: _____          DATED: _May 8, 2012_
        SHARON R. VINICK
Attorneys for Plaintiffs


DENNIS J. HERRERA
City Attorney

By _____           DATED: _5.24.12_
        JONATHAN C. ROLNICK
        Deputy City Attorney



By _____           DATED: _____
        ELIZABETH S. SALVESON
        Chief Labor Attorney

Attorneys for Defendant
City and County of San Francisco

# EXHIBIT A

FINAL OPT-IN
James Wilson v. CCSF, SFPD
USDC No. C07-1016, File No. 071466

REDACTED

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 1 | LAST NAME | FIRST NAME | RANK | ACTIVE / INACTIVE | ADDRESS | | | DATE FILED | DATE SIGNED |
| 2 | Adams | James A. | Q 4 | | | | | 4/28/2008 | 4/10/2008 |
| 3 | Allen | Nicholas M. | Q 52 | I | | | | 4/10/2008 | 3/22/2008 |
| 4 | Amigo | Guillermo | Q 4 | A | | | | 9/9/2008 | 5/3/2008 |
| 5 | Auyoung | Darrell J. | Q 4 | A | | | | 4/10/2008 | 4/2/2008 |
| 6 | Baca | Alane B. | Q 4 | A | | | | 4/10/2008 | 3/12/2008 |
| 7 | Bailey | Wade D. | Q 4 | A | | | | 4/10/2008 | 3/11/2008 |
| 8 | Bakerian | Robert | Q 2 | I | | | | 4/10/2008 | 4/3/2008 |
| 9 | Balinton | E. R. | Q 4 | A | | | | 4/10/2008 | 3/11/2008 |
| 10 | Barron | Brian A. | Q 4 | A | | | | 4/10/2008 | 3/21/2008 |
| 11 | Bartel | Keith E. | Q 2 | A | | | | 4/10/2008 | 3/27/2008 |
| 12 | Becker | Michael D. | Q382 | A | | | | 4/10/2008 | undated |
| 13 | Bolte | Mike G. | Q 4 | A | | | | 4/10/2008 | 3/10/2008 |
| 14 | Bonner | Carl A. | Q382 | A | | | | 4/10/2008 | 3/11/2008 |
| 15 | Bonner | Robert R. | Q 4 | A | | | | 4/10/2008 | 3/14/2008 |
| 16 | Bonnici | Charles A. | Q 4 | A | | | | 4/10/2008 | 3/16/2008 |
| 17 | Bosch | James G. | Q382 | A | | | | 4/10/2008 | 3/11/2008 |
| 18 | Brogan | Jeffrey P. | Q 3 | I | | | | 4/10/2008 | 3/11/2008 |
| 19 | Brown | Donald A. | Q 2 | I | | | | 4/10/2008 | 3/10/2008 |
| 20 | Budlow | Timothy J. | Q 3 | A | | | | 4/10/2008 | 3/10/2008 |
| 21 | Cadigan | Lori A. | Q382 | A | | | | 4/10/2008 | 3/11/2008 |
| 22 | Canedo | Kenneth J. | Q 4 | A | | | | 4/10/2008 | 3/14/2008 |
| 23 | Caracciolo | Eric P. | Q 4 | A | | | | 4/16/2008 | 3/29/2008 |
| 24 | Catlett | Jonathon S. | Q 2 | A | | | | 4/10/2008 | 3/14/2008 |
| 25 | Chan | Charles C. | Q 4 | A | | | | 5/5/2008 | 3/29/2008 |
| 26 | Chan | Nathan B. | Q 4 | A | | | | 9/9/2008 | 4/1/2008 |
| 27 | Chandra | Mukesh | Q 4 | I | | | | 8/2/2007 | 7/20/2007 |
| 28 | Ching | Randall S. | Q 4 | A | | | | 4/10/2008 | 3/12/2008 |
| 29 | Cohen | Andrew L. | Q 4 | I | | | | 5/4/2007 | TBD |
| 30 | Collins | Michael P. | Q 3 | I | | | | 5/4/2007 | TBD |
| 31 | Cook | Clifford L. | Q382 | A | | | | 4/10/2008 | 3/13/2008 |
| 32 | Cordova | Carlos A. | Q 2 | A | | | | 5/7/2008 | 5/5/2008 |
| 33 | Custer | James J. | Q382 | A | | | | 4/10/2008 | 3/14/2008 |
| 34 | Daggs | Murray P. | Q 2 | A | | | | 4/16/2008 | 4/1/2008 |
| 35 | Damonte | Christopher | Q 4 | A | | | | 4/10/2008 | 3/10/2008 |
| 36 | Deleon | Robert A. | Q 4 | A | | | | 4/10/2008 | 3/12/2008 |
| 37 | Dennes | Paul A. | Q 4 | A | | | | 4/10/2008 | 3/17/2008 |
| 38 | Diquisto | Gary J. | Q 4 | A | | | | 4/10/2008 | 3/10/2008 |
| 39 | Flores | Severo N. | Q 4 | I | | | | 4/11/2008 | 3/10/2008 |
| 40 | Fong | Lewis G. | Q 4 | A | | | | 4/28/2008 | 4/15/2008 |
| 41 | Frazier | Robert | Q 3 | A | | | | 4/10/2008 | 3/11/2008 |

CONFIDENTIAL

1

**FINAL OPT-IN**
*James Wilson v. CCSF, SFPD*
USDC No. C07-1016; File No. 071466

REDACTED

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 1 | LAST NAME | FIRST NAME | RANK | ACTIVE / INACTIVE | ADDRESS | | | DATE FILED | DATE SIGNED |
| 42 | Gaan | James P. | Q 4 | I | | | | 5/4/2007 | TBD |
| 43 | Gaffud | Edwin | Q 3 | A | | | | 4/11/2008 | 3/19/2008 |
| 44 | Gallegos | Michael J. | Q 52 | I | | | | 4/11/2008 | 3/10/2008 |
| 45 | Gin | David | Q 4 | A | | | | 4/11/2008 | 3/15/2008 |
| 46 | Gomez | Juan R. | Q 2 | A | | | | 4/11/2008 | 3/4/2008 |
| 47 | Greely | Daniel U. | Q 52 | A | | | | 4/11/2008 | 3/10/2008 |
| 48 | Greiner | Robert B. | Q 3 | A | | | | 4/16/2008 | 4/8/2008 |
| 49 | Griffin | Sean | Q 2 | A | | | | 4/11/2008 | 3/17/2008 |
| 50 | Guerrero | James S. | Q 2 | I | | | | 4/11/2008 | 3/30/2008 |
| 51 | Guillermo | Robert D. | Q 52 | A | | | | 4/11/2008 | 3/10/2008 |
| 52 | Halley | Tammy M. | Q 52 | A | | | | 5/5/2008 | 3/27/2008 |
| 53 | Harmston | Clayton | Q 4 | A | | | | 4/11/2008 | 3/26/2008 |
| 54 | Hill | Ronald E. | Q 3 | A | | | | 4/11/2008 | 3/10/2008 |
| 55 | Hollis | Perry R. | Q 4 | I | | | | | |
| 56 | Hughes | Michael L. | Q 52 | I | | | | 4/11/2008 | 2/19/2008 |
| 57 | Hurwitz | Amy L. | Q 2 | A | | | | 4/11/2008 | 3/11/2008 |
| 58 | Jee | Dennis | Q 4 | A | | | | 4/11/2008 | 3/19/2008 |
| 59 | Jew | Winfred | Q 4 | I | | | | 4/11/2008 | 3/30/2008 |
| 60 | Johnson | Bartholomew G. | Q 4 | A | | | | 4/11/2008 | 3/17/2008 |
| 61 | Johnson | David W. | Q 52 | A | | | | 4/11/2008 | 3/9/2008 |
| 62 | Keesor | John R. | Q 4 | A | | | | 4/11/2008 | 3/15/2008 |
| 63 | Kwan | Patrick | Q 52 | A | | | | 4/11/2008 | 3/10/2008 |
| 64 | Lang | Wayne W. | Q 2 | I | | | | 4/11/2008 | 3/12/2008 |
| 65 | Lee | Dean | Q 4 | A | | | | 4/15/2008 | 3/11/2008 |
| 66 | Lee | Frank S. | 382 | A | | | | 4/15/2008 | 4/5/2008 |
| 67 | Lee | Richard W. | Q 4 | A | | | | 4/15/2008 | 3/10/2008 |
| 68 | Leiva, Jr. | Fernando G. | Q 2 | A | | | | 4/15/2008 | 3/13/2008 |
| 69 | Leung | Robert K. | Q 4 | A | | | | 4/15/2008 | 3/11/2008 |
| 70 | Lewis | James | Q 3 | A | | | | 4/15/2008 | 3/25/2008 |
| 71 | Lewis | John F. | Q 52 | A | | | | 4/16/2008 | 4/11/2008 |
| 72 | Lock | Raymond L. | Q 52 | A | | | | 5/5/2008 | 5/5/2008 |
| 73 | Louie | Timmy S. | Q 4 | A | | | | 4/15/2008 | 3/18/2008 |
| 74 | Lu | Roger | Q 4 | A | | | | 4/15/2008 | 3/11/2008 |
| 75 | Lucia | Paul M. | Q 2 | I | | | | 4/15/2008 | 3/16/2008 |
| 76 | Machi | Mario | Q 3 | I | | | | 4/15/2008 | 3/10/2008 |
| 77 | Maes | Steven D. | Q 4 | A | | | | 4/15/2008 | 3/25/2008 |
| 78 | Maguina | Zoila R. | Q 2 | A | | | | 4/16/2008 | 4/5/2008 |
| 79 | Maionchi | Steven J. | Q 3 | A | | | | 4/15/2008 | 3/18/2008 |
| 80 | Marlies | Boaz S. | Q 2 | A | | | | 4/15/2008 | 3/14/2008 |
| 81 | Martinez | Dennis M. | Q 4 | A | | | | 4/16/2008 | 3/17/2008 |

2

**FINAL OPT-IN**
*James Wilson v. CCSF, SFPD*
USDC No. CO7-1016; File No. 071466

REDACTED

|   | A LAST NAME | B FIRST NAME | C RANK | D ACTIVE / INACTIVE | E ADDRESS | F | G | H DATE FILED | I DATE SIGNED |
|---|---|---|---|---|---|---|---|---|---|
| 82 | Mayer | Timothy J. | Q 4 | I | | | | 4/15/2008 | 3/11/2008 |
| 83 | McCoy | James P. | Q 4 | I | | | | 4/15/2008 | 3/12/2008 |
| 84 | Mendez | Francisco J. (F.J.) | Q 4 | I | | | | 4/15/2008 | 3/11/2008 |
| 85 | Merino | Robert N. | Q 4 | A | | | | 4/16/2008 | 3/29/2008 |
| 86 | Moody | Michael | Q 4 | A | | | | 4/15/2008 | 3/10/2008 |
| 87 | Moore | Timothy R. | Q 4 | A | | | | 4/15/2008 | 3/12/2008 |
| 88 | Moriwaki | Keita E. | Q 3 | A | | | | 5/6/2008 | 4/28/2008 |
| 89 | Moss | Steven T. | Q 4 | A | | | | 11/5/2007 | 9/25/2007 |
| 90 | Newbeck | Gerald B. | Q 2 | A | | | | 4/15/2008 | 3/25/2008 |
| 91 | Ng | Stewart | Q 4 | A | | | | 4/28/2008 | 4/16/2008 |
| 92 | Noto | Joseph A. | Q 4 | A | | | | 4/15/2008 | 3/25/2008 |
| 93 | O'Malley | Kevin M. | Q 4 | A | | | | 4/15/2008 | 3/12/2008 |
| 94 | Ortiz | Luis | Q 2 | A | | | | 4/15/2008 | 3/11/2008 |
| 95 | Oryall, Sr. | Jordan | | A | | | | 9/9/2008 | 4/26/2008 |
| 96 | O'Shea | Daniel D. | | A | | | | 4/15/2008 | 3/12/2008 |
| 97 | O'Toole | Edward P. | Q 4 | A | | | | 5/5/2008 | 4/28/2008 |
| 98 | Palma | Michael A. | Q 3 | A | | | | 4/15/2008 | 3/9/2008 |
| 99 | Pandolfi | James T. | Q 4 | A | | | | 4/15/2008 | 3/18/2008 |
| 100 | Pandolfi | Karen E. | Q 4 | A | | | | 4/15/2008 | 3/18/2008 |
| 101 | Parry | David P. | Q 4 | A | | | | 4/15/2008 | TBD |
| 102 | Payne | Carl A. | Q 2 | A | | | | 4/16/2008 | 3/30/2008 |
| 103 | Peters | Judith M. | Q 4 | A | | | | 4/15/2008 | 3/17/2008 |
| 104 | Peters | Roger D. | Q 4 | A | | | | 4/15/2008 | 4/2/2008 |
| 105 | Pinon | Jesus | Q 4 | I | | | | 4/15/2008 | 3/27/2008 |
| 106 | Pon | William B. | Q 2 | A | | | | 4/15/2008 | 3/10/2008 |
| 107 | Primiano | Michele | Q 2 | A | | | | 9/9/2008 | 4/1/2008 |
| 108 | Propst | John S. | Q 4 | I | | | | 4/15/2008 | 3/10/2008 |
| 109 | Ramirez | Gerald A. | Q 4 | I | | | | 4/15/2008 | 3/11/2008 |
| 110 | Ratti | Lawrence H. | Q 52 | I | | | | 4/15/2008 | 3/10/2008 |
| 111 | Ratto | Steven C. | Q 4 | A | | | | 4/15/2008 | 3/12/2008 |
| 112 | Rebollini | Michael A. | Q 4 | A | | | | 5/4/2007 | TBD |
| 113 | Reyes | Nelson J. | Q 4 | A | | | | 4/15/2008 | 3/10/2008 |
| 114 | Richardson | Marvetia L. | Q382 | | | | | 4/15/2008 | 3/15/2008 |
| 115 | Rios | Holly W. | Q 3 | A | | | | 4/15/2008 | 3/10/2008 |
| 116 | Schaefer | Chris D. | Q 3 | A | | | | 4/15/2008 | 3/11/2008 |
| 117 | Schiefer | Catherine | Q 3 | A | | | | 4/15/2008 | 3/14/2008 |
| 118 | Sevilla | Lionel N. | Q 3 | A | | | | 4/15/2008 | 3/13/2008 |
| 119 | Shanahan | Steven R. | Q 52 | I | | | | 4/15/2008 | 3/18/2008 |
| 120 | Shao | Raymond M. | Q 2 | I | | | | 4/15/2008 | 3/8/2008 |
| 121 | Shishmanian | H. V. | Q 4 | I | | | | 4/15/2008 | 3/10/2008 |

CONFIDENTIAL

FINAL OPT-IN
James Wilson v. CCSF, SFPD
USDC No. C07-1016, File No. 071466

REDACTED

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 1 | LAST NAME | FIRST NAME | RANK | ACTIVE / INACTIVE | ADDRESS | | | DATE FILED | DATE SIGNED |
| 122 | Shockley | Donald L. | 0382 | I | | | | 4/15/2008 | 3/16/2008 |
| 123 | Spagnoli | Angelo J. | Q 4 | A | | | | 5/5/2008 | 4/21/2008 |
| 124 | Sylvester | Glenn R. | 382 | I | | | | 4/15/2008 | 3/10/2008 |
| 125 | Syme | John | Q52 | A | | | | 4/15/2008 | 3/10/2008 |
| 126 | Taylor | Dean H. | Q 37 | A | | | | 4/15/2008 | 3/14/2008 |
| 127 | Thoshinsky | Peter A. | Q52 | A | | | | 4/15/2008 | 3/12/2008 |
| 128 | Totah | Nadim P. | 0382 | A | | | | 4/15/2008 | 3/10/2008 |
| 129 | Totah | Robert J. | Q52 | A | | | | 4/15/2008 | 3/12/2008 |
| 130 | Valmonte | Matthew J. | Q 3 | A | | | | 4/15/2008 | 3/10/2008 |
| 131 | Webb | John J. | Q 4 | A | | | | 4/15/2008 | 3/13/2008 |
| 132 | Williams | Candice E. | Q 4 | A | | | | 5/6/2008 | 5/5/2008 |
| 133 | Williams, Jr. | Damon V. | Q 4 | A | | | | 4/15/2008 | 3/12/2008 |
| 134 | Wilson | James T. | Q 4 | A | | | | 4/15/2008 | TBD |
| 135 | Wong | Kurtis A. | Q 4 | A | | | | 4/15/2008 | 3/27/2008 |
| 136 | Wood | Barry L. | Q 4 | A | | | | 4/15/2008 | 3/14/2008 |
| 137 | Wright | David | Q 4 | I | | | | 11/5/2007 | 9/6/2007 |
| 138 | Wronski | Jack Z. | Q 4 | A | | | | 8/2/2007 | 5/5/2007 |
| 139 | Zachos | Constantine J. | Q 4 | A | | | | 4/15/2008 | 3/12/2008 |
| 140 | Zerga | James P. | 0382 | I | | | | 4/15/2008 | 3/11/2008 |
| 141 | Atkinson | Lynne A. | 0382 | I | | | | 4/10/2008 | 3/11/2008 |
| 142 | Bakerian | Richard S. | Q 2 | I | | | | 4/10/2008 | 3/10/2008 |
| 143 | Balovich | James E. | 0382 | I | | | | 4/10/2008 | 3/17/2008 |
| 144 | Brennan | Sean | Q 4 | I | | | | 4/10/2008 | 3/19/2008 |
| 145 | Carreon | Anthony J. | Q 2 | I | | | | 4/10/2008 | 3/10/2008 |
| 146 | Chan | Jerry K. | Q 2 | I | | | | 4/16/2008 | 4/11/2008 |
| 147 | Clevidence | Robert R. | Q51 | I | | | | 4/10/2008 | 3/10/2008 |
| 148 | Deltorre | Robert J. | Q52 | I | | | | 5/4/2007 | TBD |
| 149 | Detmofeev | Paul J. | Q 4 | I | | | | 4/10/2008 | 3/10/2008 |
| 150 | Fitzgerald-Vermes | Pamela | 0382 | I | | | | 4/10/2008 | 3/18/2008 |
| 151 | Fong | Vincent | Q 2 | I | | | | 4/10/2008 | 3/10/2008 |
| 152 | Fontenot | Andre L. | Q 51 | I | | | | 4/10/2008 | 3/10/2008 |
| 153 | Frost | Lawrence D. | Q 4 | I | | | | 4/10/2008 | 3/10/2008 |
| 154 | Glembot | Robert H. | Q 4 | I | | | | 4/11/2008 | 3/11/2008 |
| 155 | Gotchet | Kevin M. | Q 3 | I | | | | 4/28/2008 | 4/15/2008 |
| 156 | Guzman | Ricci J. | Q 2 | I | | | | 4/11/2008 | 3/10/2008 |
| 157 | Hartman | Kenneth E. | Q 3 | I | | | | 4/11/2008 | 3/10/2008 |
| 158 | Horne | James M. | Q 4 | I | | | | 4/11/2008 | 3/18/2008 |
| 159 | Huey | Terry Y. | Q 4 | I | | | | 4/11/2008 | 3/10/2008 |
| 160 | Isble | Jeffery C. | Q 4 | Deceased | | | | 4/15/2008 | 4/1/2008 |

FINAL OPT-IN
James Wilson v. CCSF, SFPD
USDC No. C07-1016; File No. 071466

REDACTED

|  | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 1 | LAST NAME | FIRST NAME | RANK | ACTIVE / INACTIVE | | ADDRESS | | DATE FILED | DATE SIGNED |
| 161 | Le | Khanh H. | Q 2 | I | | | | 4/11/2008 | 3/15/2008 |
| 162 | Lee | Gary W. | Q 2 | I | | | | 4/15/2008 | 3/15/2008 |
| 163 | Lee | Michael D. | Q 52 | I | | | | 4/15/2008 | 3/11/2008 |
| 164 | Lui | Kenneth S. | Q 2 | I | | | | | |
| 165 | Lynch | Geoffrey W. | Q 2 | I | | | | 4/15/2008 | 3/26/2008 |
| 166 | Mattox | Robert E. | Q 4 | I | | | | 4/15/2008 | 3/10/2008 |
| 167 | McCann | Alan R. | Q 2 | I | | | | 4/15/2008 | 3/13/2008 |
| 168 | Melendez | Rose M. | Q 4 | I | | | | 4/15/2008 | 3/24/2008 |
| 169 | Miller | Dwayne A. | Q 3 | I | | | | 4/15/2008 | 3/6/2008 |
| 170 | Mitchell | Bruce A. | Q 2 | I | | | | 4/15/2008 | 4/3/2008 |
| 171 | Mojica | Vickie R. | Q 2 | I | | | | 4/15/2008 | 3/12/2008 |
| 172 | Morgan | Jeremiah W. | Q 52 | I | | | | 8/2/2007 | 6/25/2007 |
| 173 | Moses | Richard L. | Q 4 | I | | | | 4/15/2008 | 3/14/2008 |
| 174 | Nelson | Anthony D. | Q 4 | I | | | | 4/15/2008 | 3/14/2008 |
| 175 | Oryall | Cora E. | Q 4 | I | | | | 4/15/2008 | 3/10/2008 |
| 176 | Osborne | Samuel R. | Q 4 | I | | | | 4/15/2008 | 3/10/2008 |
| 177 | Parenti | John F. | Q 4 | I | | | | 4/15/2008 | 3/8/2008 |
| 178 | Piol | Larry A. | Q 4 | I | | | | 4/15/2008 | 3/28/2008 |
| 179 | Pyne | William E. | Q 4 | I | | | | 4/15/2008 | 3/10/2008 |
| 180 | Ratcliffe | Kevin W. | Q 2 | I | | | | 4/15/2008 | 3/17/2008 |
| 181 | Rybak | Shawn C. | Q 2 | I | | | | 4/15/2008 | 3/11/2008 |
| 182 | Shanahan | Timothy J. | Q4 | | | | | 4/15/2008 | 3/20/2008 |
| 183 | Sheehan | Richard G. | Q 4 | I | | | | 4/15/2008 | 3/10/2008 |
| 184 | Siragusa | Peter J. | Q382 | I | | | | 4/15/2008 | 3/9/2008 |
| 185 | Smith | Michael S. | Q 4 | I | | | | 4/15/2008 | 3/20/2008 |
| 186 | Vanwinkle | Richard | Q 4 | Deceased | | | | 4/15/2008 | 3/10/2008 |
| 187 | Velasquez | Johnny | Q52 | I | | | | 4/15/2008 | 3/14/2008 |
| 188 | White | Patrick J. | Q382 | Deceased | | | | 4/15/2008 | 3/12/2008 |
| 189 | Winters | James M. | Q 3 | I | | | | 4/15/2008 | 3/26/2008 |
| 190 | Wismer | Earl E. | Q382 | I | | | | 4/15/2008 | 3/10/2008 |
| 191 | Wong | Gordon | Q 2 | I | | | | 4/15/2008 | 3/25/2008 |
| 192 | Wong | Marshall E. | Q 4 | I | | | | 4/15/2008 | 3/10/2008 |
| 193 | Wood | Robert J. | Q 4 | I | | | | 4/15/2008 | 3/18/2008 |
| 194 | Yip | Wayman C. | Q 4 | I | | | | 4/15/2008 | 3/17/2008 |
| 195 | Young | James R. | Q 2 | I | | | | 4/15/2008 | 3/29/2008 |

CONFIDENTIAL

# EXHIBIT B

EXHIBIT B

SETTLEMENT AGREEMENT AND RELEASE

*James Wilson, et al. v. City and County of San Francisco,*
United States District Court Case No. C07-1016 PJH

INDIVIDUAL SIGNATURE PAGE

I, the undersigned, by signing below, acknowledge, understand and agree to all of the terms and conditions contained in the "Settlement Agreement, General Release and Covenant Not to Sue," (the Agreement) as set forth in the preceding 10 pages. I have sought the advice of my counsel with respect to any questions I might have regarding the Agreement and my rights and obligations.

I understand that my acceptance of back wages allegedly due under the Fair Labor Standards Act means that I have given up any right I may have to bring suit for such back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his or her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and court costs. Generally, a two year statute of limitations applies to the recovery of back wages.

By signing below, I agree to both forever settle my claim for overtime compensation under the Fair Labor Standards Act which were asserted in the Action, or which could have been asserted based upon or related to the facts alleged in the Action and to forever dismiss this lawsuit. I voluntarily sign below after investigating the facts as I saw fit and based on my own decision. No one forced me to sign this Agreement.

Dated: _____

Signature: _____

Print Name: _____

Current Mailing Address: _____

_____

Page 10 of 10

# EXHIBIT 2

JAMES WILSON v. CITY AND COUNTY OF SAN FRANCISCO
United States District Court Case No. C07-01016 PJH

## EXHIBIT B
### Settlement Amounts

| Name | Settlement Amount |
| --- | --- |
| James A Adams | 325.37 |
| Nicholas M Allen | 146.56 |
| Lynne A Atkinson | 181.74 |
| Alane B Baca | 438.22 |
| Wade D Bailey | 438.22 |
| Richard S Bakerian | 82.07 |
| Robert Bakerian | 74.75 |
| E R Balinton | 438.22 |
| James E Balovich | 60.09 |
| Brian A Barron | 438.22 |
| Keith E Bartel | 438.22 |
| Mike G Bolte | 438.22 |
| Carl A Bonner | 438.22 |
| Robert R Bonnet | 438.22 |
| James G Bosch | 438.22 |
| Jeffrey P Brogan | 325.37 |
| Donald A Brown | 36.64 |
| Timothy J Buelow | 438.22 |
| Lori A Cadigan | 438.22 |
| Eric P Caracciolo | 438.22 |
| Jonathon S Catlett | 438.22 |
| Randall S Ching | 438.22 |
| Andrew L Cohen | 400.11 |
| Michael P Collins | 426.5 |
| Clifford L Cook | 438.22 |
| James J Custer | 438.22 |
| Christophe Damonte | 438.22 |
| Robert A Deleon | 438.22 |
| Robert J Del Torre | 68.88 |
| Paul A Dennes | 438.22 |
| Paul J Detimofeev | 93.8 |
| Gary J Diquisto | 438.22 |
| Pamela Fitzgerald Wermes | 127.51 |
| Severo N Flores | 426.5 |
| Lewis G Fong | 438.22 |
| Vincent Fong | 102.59 |
| Andre L Fontenot | 359.08 |
| Robert Frazier | 438.22 |
| Lawrence D Frost | 189.06 |
| James P Gaan | 234.5 |
| Edwin V Gaffud | 438.22 |
| Michael J Gallegos | 438.22 |
| David Gin | 400.11 |
| Robert H Glembot | 197.86 |
| Juan R Gomez | 438.22 |
| Daniel U Greely | 438.22 |
| James S Guerrero | 247.69 |
| Robert D Guillermo | 438.22 |
| Ricci J Guzman | 79.14 |
| Tammy M Halley | 438.22 |

1

JAMES WILSON v. CITY AND COUNTY OF SAN FRANCISCO
United States District Court Case No. C07-01016 PJH

## EXHIBIT B
### Settlement Amounts

| Name | Settlement Amount |
|---|---|
| Clayton A Harmston | 438.22 |
| Perry R Hollis | 367.87 |
| Michael L Hughes | 438.22 |
| Amy L Hurwitz | 438.22 |
| Jeffery C Isbie | 139.23 |
| Winfred Jew | 238.9 |
| Bartholomew Johnson | 438.22 |
| John R Keesor | 438.22 |
| Patrick Kwan | 438.22 |
| Wayne W Lang | 57.16 |
| Dean K Lee | 438.22 |
| Frank S Lee | 438.22 |
| Michael D Lee | 67.42 |
| Richard W Lee | 438.22 |
| Fernando G Leiva Jr | 306.31 |
| Robert K Leung | 438.22 |
| James Lewis | 438.22 |
| John F Lewis | 438.22 |
| Raymond L Lock | 438.22 |
| Timothy G Louie | 20.52 |
| Roger Lu | 438.22 |
| Paul M Lucia | 68.88 |
| Kenneth S Lui | 233.03 |
| Mario Machi | 318.04 |
| Steven D Maes | 438.22 |
| Zoila R Maguina | 438.22 |
| Dennis M Martinez | 438.22 |
| Robert E Mattox | 96.73 |
| Timothy J Mayer | 382.53 |
| Alan R McCann | 102.59 |
| James P McCoy | 253.55 |
| Rose M Melendez | 105.52 |
| F J Mendez | 240.36 |
| Dwayne A Miller | 115.78 |
| Bruce A Mitchell | 21.98 |
| Vickie R Mojica | 41.04 |
| Timothy R Moore | 438.22 |
| Jeremiah W Morgan | 177.34 |
| Keita E Moriwaki | 438.22 |
| Richard L Moses | 0 |
| Steven T Moss | 438.22 |
| Anthony D Nelson | 38.11 |
| Gerald B Newbeck | 438.22 |
| Stewart Ng | 438.22 |
| Joseph A Noto | 438.22 |
| Kevin M Omalley | 438.22 |
| Luis E Ortiz | 438.22 |
| Jordan Oryall Sr | 438.22 |
| Samuel R Osborne | 98.2 |
| Daniel D Oshea | 438.22 |
| Edward P Otoole | 291.66 |

JAMES WILSON v. CITY AND COUNTY OF SAN FRANCISCO
United States District Court Case No. C07-01016 PJH

### EXHIBIT B
**Settlement Amounts**

| Name | Settlement Amount |
|------|-------------------|
| James T Pandolfi | 438.22 |
| Karen E Pandolfi | 213.98 |
| David P Parry | 438.22 |
| Carl A Payne | 438.22 |
| Roger D Peters | 438.22 |
| Jesus Pinon | 438.22 |
| Larry A Piol | 106.99 |
| Michele A Primiano | 438.22 |
| John S Propst | 215.45 |
| William E Pyne | 30.78 |
| Gerald A Ramirez | 285.8 |
| Lawrence H Ratti | 364.94 |
| Steven C Ratto | 438.22 |
| Michael A Rebollini | 438.22 |
| Nelson J Reyes | 438.22 |
| Holly W Rios | 438.22 |
| Shawn C Rybak | 111.39 |
| Chris D Schaefer | 438.22 |
| Catherine Schiefer | 438.22 |
| Steven R Shanahan | 215.45 |
| Timothy J Shanahan | 93.8 |
| Richard G Sheehan | 60.09 |
| H V Shishmanian | 438.22 |
| Donald L Shockley | 291.66 |
| Peter J Siragusa | 95.27 |
| Angelo J Spagnoli | 438.22 |
| Glenn R Sylvester | 438.22 |
| Dean H Taylor | 438.22 |
| Peter A Thoshinsky | 438.22 |
| Nadim P Totah | 216.91 |
| Robert J Totah | 438.22 |
| Matthew J Valmonte | 438.22 |
| Richard Vanwinkle | 67.42 |
| Johnny Velasquez | 0 |
| John J Webb | 438.22 |
| Patricia A White | 438.22 |
| Candice E Williams | 438.22 |
| Damon V Williams Jr | 438.22 |
| Earl E Wismer | 115.78 |
| Kurtis A Wong | 438.22 |
| Marshall E Wong | 0 |
| Barry L Wood | 438.22 |
| Robert J Wood | 63.02 |
| David Wright | 221.31 |
| Jack Z Wronski | 438.22 |
| Wayman C Yip | 95.27 |
| James R Young | 68.88 |
| James P Zerga | 274.07 |
| | |
| Total | $47,072.75 |